**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| JERRY CHAMBERS,<br><br>Plaintiff,<br><br>v.<br><br>MOSE, et al.,<br><br>Defendants. | CASE NO. 3:26-CV-760-HAB-ALT |

**OPINION AND ORDER**

Jerry Chambers, a prisoner without a lawyer, filed a complaint about force used against him at the Indiana State Prison. (ECF 1). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chambers alleges that on April 7, 2026, around 7:00 p.m., he was woken up by defendant Sergeant Mose. (ECF 1). When Chambers asked Mose to leave him alone, Mose maced him. He claims that defendant Officer John Rowe, and other individuals he could not identify, then beat him. He claims that the custody sergeant was also present and failed to intervene to protect him. Chambers alleges that when he sent a grievance about this incident to Grievance Specialist Alicia Caldonars, she sent back a grievance with no case number, date, or signature, and did not give him a receipt of his grievance.

Giving Chambers the inferences to which he is entitled at this stage, he has plausibly stated a claim for excessive force against defendants Mose and Rowe. Under the Eighth Amendment, inmates cannot be subjected to excessive force. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Id.* (citation and internal quotation marks omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* While *de minimis* uses of force are not actionable, "a prisoner need not suffer 'serious injury' in order to bring an Eighth Amendment claim." *Id.* at 890-91 (citation omitted). Chambers' allegations that Mose maced him after Chambers asked to be left alone, and that Rowe beat him, state an Eighth Amendment claim for excessive force.

Chambers alleges that the unidentified custody sergeant is liable for failing to intervene when Chambers was beaten by defendant Rowe and others.

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

*Doxtator v. O'Brien*, 39 F.4th 852, 864 (7th Cir. 2022) (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). A "realistic opportunity to intervene" may exist whenever an officer could have "called for a backup, called for help, or at least cautioned [the excessive force defendant] to stop." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005).

Chambers has not stated sufficient factual allegations from which it could be reasonably inferred that the custody sergeant failed to intervene to protect him. He alleges only that he was

beaten and the custody sergeant was present -- he does not provide any details about what exactly occurred. It is unclear from the complaint where the sergeant was located or what he or she saw. There is no reasonable inference to be drawn from these allegations that the custody sergeant had a realistic opportunity to intervene.

Chambers' complaint states that he is suing four defendants, but he only named three on the complaint form. However, it is clear from the allegations in the body of his complaint that Chambers intended to name Grievance Specialist Alicia Caldonars and pursue a due process claim against her based on her response to his grievance. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011)*; see also Daniel v. Cook Cty*., 833 F.3d 728, 736 (7th Cir. 2016). Chambers' claim that Caldonars failed to properly respond to his grievance does not state a constitutional claim.

Chambers is not proceeding in forma pauperis. Therefore, the Court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is his obligation to serve the defendants with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the Court:

(1) GRANTS Jerry Chambers leave to proceed against Sgt. Mose in his individual capacity for compensatory and punitive damages for excessive force in violation of the Eighth Amendment when he maced Jerry Chambers on April 7, 2026;

(2) GRANTS Jerry Chambers leave to proceed against C/O John Rowe in his individual capacity for compensatory and punitive damages for excessive force in violation of the Eighth Amendment when he beat Jerry Chambers on April 7, 2026;

(3) DISMISSES all other claims;

(4) DISMISSES Sgt. Custody;

(5) DIRECTS the clerk to sign and seal summons for Sgt. Mose and C/O John Rowe and send them to Jerry Chambers; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Mose and C/O John Rowe to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on October 28, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT